CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

---

LORI A. WOOD,

        Plaintiff,

    v.                     **CIVIL ACTION NO:** 6:11-CV-00615
                                             (DNH) (GRL)

ZIMMER, INC., AND ZIMMER
HOLDINGS, INC.,                  **JURY TRIAL DEMANDED**

        Defendants.

---

      IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable George H. Lowe, United States Magistrate Judge on **August 16, 2011, at 10:00 am via telephone**, at the United States Courthouse. All conferences are conducted by telephone. Plaintiff's attorney will initiate the call using AT&T or other teleconferencing service and call Judge Lowe's chambers at 315-234-8618, a dedicated conference line which is not to be used for other purposes.

      Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within fourteen (14) days after the date of the Rule 26(f) meeting or not later than **fourteen (14) days** prior to the scheduled Rule 16 conference with the Court, <u>whichever day is earlier</u>. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

**1)    JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the **1st day of October, 2011**.

**2)    AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the **1st day of October, 2011**, however, amendment of a pleading based upon matters presently unknown to the parties may be sought by leave of Court through the time allowed for discovery.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the **15th day of April, 2012.** (Discovery time table is to be based on the complexity of the action)

Non-expert discovery shall be completed on or before the **15th day of February, 2012**.

Expert discovery shall be completed on or before the **15th day of April, 2012**.

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the **1st day of June, 2012.** (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit the same for the Court's approval, providing for no more than three rounds of serving and filing papers; supporting affidavits and briefs; opposing affidavits and briefs, and reply affidavits and briefs.

Dispositive motions shall be made on or before the **1st day of May, 2012**.

All other motions (including motions in limine) shall be made no later than **14 days prior to the Trial Readiness Conference.**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the **1st day of August, 2012**. It is anticipated that the trial will take approximately **7 days** to complete. The parties request that the trial be held in Albany, N.Y.
**(The proposed date for the commencement of trial must be within 18 months of the filing date**).

**6) HAVE THE PARTIES FILED A JURY DEMAND?**

Yes. The plaintiff, Lori Wood ("Plaintiff"), has demanded a jury trial.

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Subject Matter Jurisdiction:

Yes. The Court's jurisdiction over this case is based on 28 U.S.C. § 1332, as the parties are residents of different states and there is more than $75,000 in controversy exclusive of interests and costs.

Personal Jurisdiction:

Yes. Plaintiff is an adult resident of the State of New York. Zimmer admits that Zimmer, Inc., sold products within the State of New York. However, Zimmer contends that Zimmer Holdings, Inc., is not a proper party to the lawsuit because it did not design, manufacture, or sell the knee replacement components at issue in this lawsuit.

Parties:

Yes. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff's Contentions:

Plaintiff filed this products liability action on June 3, 2011, alleging that knee replacement components, which were designed, manufactured, and sold by Zimmer, Inc., failed after implantation causing her injury. In her Complaint, Plaintiff asserts claims for strict liability, negligent failure to warn, negligent design defect, negligence, breach of express warranty, breach of implied warranty, negligent misrepresentation, and violation of consumer protection laws. Plaintiff also asserts a claim for punitive damages.

Zimmer's Contentions:

Zimmer denies the allegations made against it by Plaintiff in the Complaint. Zimmer contends that the knee replacement components implanted in Plaintiff were appropriately designed, manufactured, and distributed. Component loosening is multifactorial, and failure is a known risk of total knee arthroplasty. Additionally, Zimmer made no negligent representations or negligent statements to Plaintiff, nor did any statement made by Zimmer cause Plaintiff to suffer a loss. In fact, Zimmer had no communications with Plaintiff at all. Zimmer communicated with the implanting surgeon through the package insert, which properly warned of the risk of component loosening. Plaintiff also is not entitled to punitive damages, as the conduct of Zimmer was not willful, wanton, or reckless. A full statement of defenses is set forth in Zimmer's responsive filings.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

**Legal issues:** whether the knee replacement components implanted in Plaintiff were defective and unreasonably dangerous at the time of sale; the proximate cause of Plaintiff's alleged injuries and damages; and the comparative fault of Plaintiff or fault of non-parties in causing Plaintiff's damages and injuries.

**Factual issues:** the condition of Plaintiff's knee replacement components prior to implant; Zimmer's knowledge of the condition of the knee replacement components; the

warnings that accompanied the knee replacement components; Plaintiff's medical history, condition, prognosis, as well as her pre-existing conditions; the procedures followed by the surgeon implanting Plaintiff's knee replacement components; Plaintiff's activities and health prior to and following her primary and revision surgeries; and the nature and extent of Plaintiff's alleged damages.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Zimmer anticipates filing *Daubert* motions challenging Plaintiff's experts, a motion for summary judgment, and motions in limine on certain issues.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff alleges that she incurred medical expenses and suffered physical pain, permanent disability and disfigurement, and loss of income. Plaintiff seeks compensatory, special, and punitive damages from Zimmer in an amount in excess of $75,000 plus her costs.

Zimmer denies Plaintiff's allegations and seeks judgment and dismissal of Plaintiff's Complaint.

**12) DISCOVERY PLAN:**

**A.** **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) on or before **the 15th day of September, 2011.**

**B.** **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

> The condition of Plaintiff's knee replacement components prior to implant; Zimmer's knowledge of the condition of the knee replacement components; Zimmer's advertising, marketing and promotion of the NexGen Knee System; Zimmer's knowledge of the health hazards and risks associated with the use of the Zimmer NexGen Knee; the warnings that accompanied the knee replacement components; Plaintiff's medical history, condition, prognosis, as well as her pre-existing conditions; the procedures followed by the surgeon implanting Plaintiff's knee replacement components; Plaintiff's activities and health prior to and following her primary and revision surgeries; the nature and extent of Plaintiff's alleged damages, and any other issues raised by the pleadings which may require discovery.

4

C.  **Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties are to conduct discovery in accordance with the Federal Rules Of Civil Procedure and the Local Rules of the Northern District Of New York. The parties propose that all non-expert discovery be completed by February 15, 2012, which shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties without application to the Court, provided the parties are certain that they can meet the discovery completion date. The parties do not anticipate that discovery will be phased.

D.  **Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the interrogatories permitted under Rule 33.**

As needed, pursuant to the Federal Rules. Both parties anticipate serving written discovery regarding the aforementioned legal and factual issues. The parties do not anticipate exceeding the interrogatories permitted under Rule 33.

E.  **Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

As needed, pursuant to the Federal Rules.

Plaintiff anticipates taking the depositions of the Defendants' corporate representatives, fact witnesses listed in Defendants' initial disclosures and during the course of discovery, as well as defense experts. The location of these depositions will be determined during the course of discovery.

Zimmer anticipates taking the depositions of Plaintiff, Plaintiff's implanting surgeon, Plaintiff's explanting surgeon, and other fact witnesses listed in Plaintiff's initial disclosures and during the course of discovery. The location of these depositions will be determined during the course of discovery.

**F.  Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

The parties expect to retain experts and to provide expert reports.  The parties agree to the following expert disclosure schedule:

>Plaintiff must identify her experts and provide her expert reports on or before the **1st day of February, 2012**.

>Zimmer must identify its expert and provide its expert reports on or before the **15th day of March, 2012**.

>Expert depositions must be completed on or before the **15th day of April, 2012**.

**G.  Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information.  This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested.  The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue.  If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

The design, manufacturing, and warnings documents likely to be produced by Zimmer are largely stored on microfiche and in hard copy. Zimmer will produce those documents in hard copy.  Each side will produce Plaintiff's medical records in the form produced by Plaintiff's providers.

**H.  Protective Orders**

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

Zimmer intends to file a protective order of confidentiality to protect its proprietary documents and commercial information. Zimmer also anticipates the possible filing of a motion for a protective order limiting the scope of discovery.

**I.     Anticipated Issues Requiring Court Intervention**

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

Zimmer anticipates the possible filing of a motion for a protective order limiting the scope of discovery.

**13)   IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

No.

**14)   ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15)   IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16)   WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**
          1-----2-----3-----4-----5-----6-----7-----8-----9-----10
**(VERY UNLIKELY)                              (LIKELY)**

**CANNOT BE EVALUATED PRIOR TO         May 15, 2012         (DATE)**

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

**17)   IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

      _____          ARBITRATION

      \_\_\_X\_\_\_          MEDIATION

      _____          EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on July 22, 2011, via telephone conference and was attended by:

Sheila M. Bossier for Plaintiff.

Phoebe A. Wilkinson for Zimmer.

Andrea Roberts Pierson for Zimmer.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the Clerk at least fourteen days (14) in advance of the conference date.***